PORTER, SCOTT, WEIBERG & DELEHANT
A Professional Corporation
Michael W. Pott, SBN186156
Justin N. Telford, SBN 232335
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)
smk
Attorneys for Defendant
GTECH CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HASTINGS,<br><br>　　　　Plaintiff,<br>v.<br><br>GTECH, CORPORATION, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 05 603<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Please take notice that Defendant GTECH, CORPORATION hereby removes to this Court the State Court action described below.

1.　On December 15, 2004, an action was commenced in the Superior Court of the State of California, County of Sacramento, entitled *Brandy Hastings v. GTECH, Corporation and DOES 1-50, inclusive,* as case number 04AS05024. A copy of the Complaint in this action is attached hereto as Exhibit "A".

2.　The first date upon which defendant GTECH, Corporation received a copy of the complaint was January 7, 2005, when defendant was served with a copy of said complaint

and a summons from the said state court. A copy of the summons showing the service date of January 7, 2005 is attached hereto as Exhibit "B".

3. The complaint does not contain allegations regarding the specific amount of money alleged to be at issue in this case. As a result, Defendant GTECH filed an answer to the Complaint in the Sacramento County Superior Court. A copy of the Answer filed by GTECH on February 4, 2005, is attached hereto as Exhibit "C".

4. In an effort to learn the amount at issue for removal purposes, Defendant GTECH served Plaintiff with a Request for Statement of Damages on February 4, 2005. A copy of the Statement of Damages filed and served by GTECH on Plaintiff on February 4, 2005, is attached hereto as Exhibit "D". Plaintiff did not respond to this request and, when attorneys for GTECH spoke with counsel for Plaintiff, Plaintiff's counsel indicated he had never received the request. As a result, on March 3, 2005, Defendant GTECH again served Plaintiff with a Request for Statement of Damages. A copy of the Statement of Damages served by GTECH on Plaintiff on March 3, 2005, is attached hereto as Exhibit "E" On March 17, 2005, Plaintiff served Defendant GTECH with a Statement of Damages wherein she indicates that she is seeking $1,748,000 in damages in this case. A copy of the Statement of Damages served by Plaintiff on GTECH on March 17, 2004, is attached hereto as Exhibit "F".

5. This action is a civil action of which the court has original jurisdiction under 28 U.S.C. section 1332, and is on which may be removed to this court by defendant pursuant to the provision of 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of seventy five thousand dollars, ($75,000.00), exclusive of interests and costs because plaintiff claims the following damages in this case in her Statement of Damages: lost income, lost future income, general and special

00316634.WPD    NOTICE OF REMOVAL OF ACTION

damages, attorney fees and punitive damages in the amount of $1,748,000.00.

6. Defendant GTECH is informed and believes that plaintiff Brandy Hastings was, and still is, a citizen of the State of California. Defendant GTECH, Corporation, was, at the time of the filing of this action, and still is, a citizen of the State of Rhode Island, as it is a corporation incorporated under the laws of the State of Rhode Island, having its principal place of business in the State of Rhode Island, and GTECH is the only Defendant that has been served a Summons and Complaint in this action

7. Based on the foregoing, this Court has jurisdiction over this action in that this action involves a controversy which exceeds the value of $75,000.00 exclusive of interest and costs, and is between citizens of different states. Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and § 1446.

Dated: March 28, 2005

PORTER, SCOTT, WEIBERG & DELEHANT
A Professional Corporation

By /s/ Michael W. Pott
Michael W. Pott
Attorneys for Defendant