Copy

FILED
ENDORSED

04 DEC 15 AM 11: 33

LEGAL PROCESS #1

1  Etan E. Rosen (SBN 173728)
   THE LAW OFFICES OF BEYER, PONGRATZ & ROSEN
2  A Professional Law Corporation
   3230 Ramos Circle
3  Sacramento, CA 95827
   Telephone: (916) 369-9750
4  Telecopier: (916) 369-9760

5  Attorney for Plaintiff,
   BRANDY HASTINGS

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SACRAMENTO

10

11  BRANDY HASTINGS                    )   Case No.  04AS05024
                                       )
12          Plaintiff,                 )   COMPLAINT FOR:
                                       )
13   vs                                )   1.  Discrimination, Harassment, and
                                       )       Retaliation in Violation of
14   GTECH, Corporation, and DOES 1 through )   California Government Code §§
     50, inclusive,                    )       12920, 1240, et Seq.
15                                     )   2.  Wrongful Termination in Violation
          Defendant.                   )       of Public Policy
16                                     )   3.  Breach of Express Contract
                                       )   4.  Breach of Implied-In-Fact Promise
17                                     )       Not To Terminate But For Good
                                       )       Cause
18                                     )   5.  Breach of Implied Covenant of
                                       )       Good Faith and Fair Dealing
19                                     )   6.  Fraud and Deceit: False Promise
                                       )   7.  Intentional Misrepresentation
20                                     )   8.  Intentional Infliction of Emotional
                                       )       Distress
21

22  Plaintiff alleges as follows:

23                           GENERAL ALLEGATIONS

24          1.    Plaintiff BRANDY HASTINGS (hereinafter "Plaintiff") is, and at all times herein

25  mentioned was, an individual residing in the State of California, County of Sacramento, and was

26  at all relevant times herein mentioned employed with GTECH, INC..

27          2.    Defendant GTECH, Corporation, (hereinafter "GTECH"), is and at all times

28

EXHIBIT A

1  mentioned herein was a corporation, doing business in the County of Sacramento, in the State of

2  California.

3      3.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

4  DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.

5  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

7  Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's

8  damages.

9      4.    Plaintiff is informed and believes and thereon alleges that, at all times

10  herein mentioned, the Defendants, and each of them, were the agents, servants and employees of

11  their Co-Defendants, and in doing the things hereinafter alleged were acting within the course

12  and scope of their authority as such agents, servants, and employees, and with the permission and

13  consent of their Co-Defendants.

14      5.    The acts and omissions giving rise to Plaintiff's causes of action occurred in the

15  County of Sacramento, State of California as did the other acts complained herein.

16      6.    Plaintiff commenced employment with GTECH on November 20, 2000 as an

17  Administrative Assistant in the Control Room, while working double duty in the Human

18  Resources Department beginning in September 2001, and remained in those positions until

19  terminated on May 10, 2004. Plaintiff also served as Security Coordinator though her official

20  title did not reflect her duties. Plaintiff was not given a reason for her termination. From her hire

21  date until she was suddenly terminated without warning, Plaintiff reported to Don Sevilla (until

22  September 1, 2001), Cyndi Paul, Scott Gunn, and Tom Demy. During this time period, Plaintiff

23  successfully performed her job duties and requested and was given additional duties.

24      7.    Plaintiff alleges that Defendants created immediately upon the commencement

25  of her employment a workplace environment permeated with overt and subtle sexual comments,

26  innuendos, and remarks. Plaintiff further alleges that Defendants maintained a deeply-

27  entrenched workplace environment wherefore female employees were inherently

28

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3130 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

2
**COMPLAINT**

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

1  subordinate, where management encouraged and participated in berating and defaming of

2  employees, and where violations of personal and legal rights were commonplace. Defendants

3  also created a quid pro quo workplace wherein Plaintiff's future employment opportunities were

4  hinged upon her acquiescence to Defendants' improper, inappropriate and offensive treatment.

5  Despite successfully learning and fulfilling the duties, and despite her excellent job performance,

6  Plaintiff alleges that she was singled out and treated differently in an extreme, outrageous,

7  inappropriate, hostile and offensive manner by Defendants.

8      <u>Don Sevilla</u>:

9      8.    Plaintiff alleges that on or about January 18, 2001, approximately two months

10  after her hire date Plaintiff was asked by Tonya Poley, Human Resources Representative,

11  whether she was picking up supervisor Don Sevilla's dry cleaning. Plaintiff informed Poley that

12  Plaintiff would not do that. Approximately two weeks later on January 30, 2001, Don Sevilla

13  called Plaintiff into his office where he remarked to Plaintiff that he could see her nipples.

14  Plaintiff was shocked and sickened at the comment made to her by a manager and she responded

15  to him that the comment made her uncomfortable and that she considered it to be sexual

16  harassment. Plaintiff was further shocked as she was wearing a turtleneck sweater at the time the

17  comment was made and contends that the comment had no basis of truth. Plaintiff reported the

18  incident to her superiors. Plaintiff's supervisor, Cyndi Paul informed Plaintiff that this was not

19  the first time Don Sevilla had made inappropriate comments to female employees.

20      <u>Scott Gunn</u>:

21      9.    Plaintiff alleges that Scott Gunn (hereinafter referred to as "Gunn"),

22  the Deputy Accounts General Manager and Plaintiff's superior, intimidated, mistreated, and

23  retaliated against employees on a regular basis. Gunn abused his position of authority by

24  subjecting employees, in particular female employees, to inappropriate and offensive topics and

25  materials. Plaintiff contends that Gunn received a subscription to Playboy magazine at the office

26  where it had to first go through the desks of female employees. Plaintiff was offended on one

27  occasion when she was forced to open the mail and deliver Gunn his magazine. Further, Plaintiff

28

01/14/2005  11:59
01/14/05  13:56 FAX                    GTECH LEGAL DEPT.                                    ☑005

Case 2:05-cv-00630-MCE-GGH   Document 1-2   Filed 03/28/05   Page 4 of 36
01/04/2005  16:00   9163699760          BEYER PONGRATZ ROSEN                            PAGE   05

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile (916) 369-9760

1  felt that Gunn's motives for having the magazine delivered to the office instead of his home was
2  specifically to make the female employees feel uncomfortable and inferior. Gunn was also well
3  known for screaming and berating employees who he felt did not submit to his demands.
4  Plaintiff was also subjected to his mistreatment on numerous occasions. On one occasion Gunn
5  requested from Plaintiff that she acquire reduced price theme park tickets for him from the
6  military base where Plaintiff's husband worked. Plaintiff informed Gunn that she would not do
7  that. Plaintiff contends that Gunn was offended at the fact that she did not acquiesce to his
8  demands and as a result, she became a specific target of his demeaning, aggressive, and
9  retaliatory behavior. As part of his retaliatory behavior, Gunn requested review of Plaintiff's
10 reimbursement expenses, calling her expense account "suspicious".

11         10.    On January 7, 2003, Plaintiff noticed that her vehicle which was parked on the
12 company parking lot had been severely scratched. The scratch was on the drivers side of the
13 vehicle, it spanned from the front panel to the back door, and was deeply embedded down to the
14 metal of the vehicle. Plaintiff recognized that the car had been "keyed" and, as a result of the
15 increasing and overwhelming hostility that Scott Gunn displayed toward her, she suspected that
16 he could be responsible. Plaintiff decided to review the security tapes to find out what had
17 happened to her vehicle. Plaintiff alleges that Gunn barged into the security office, yelled at her
18 that she had no right to review the security tapes, and did not allow her to review the security
19 tapes. Gunn's exceedingly hostile and questionable behavior frightened Plaintiff and increased
20 her suspicions as to Gunn's involvement in the incident.

21         11.    Plaintiff spoke to the Account General Manager, Dan McKinzey about the
22 incident with her vehicle. McKinzey informed Plaintiff that GTECH would pay for the damages
23 to the vehicle and that she should get three estimates for repair. Plaintiff did this, though she did
24 not receive reimbursement for the damage.

25         12.    On March 5, 2003, Plaintiff had a performance review conducted by Scott Gunn.
26 Plaintiff alleges that the meeting was tense and that Gunn became very hostile when she was not
27 intimidated by his line of questioning. Gunn attempted to belittle Plaintiff and undermine her

28

1   abilities and qualifications.  Gunn asked Plaintiff why she did not have a college degree and

2   proceeded to tell Plaintiff that she was "uneducated", and that "any degree was better than none,

3   even if it was in underwater basket-weaving".  Plaintiff felt humiliated and frustrated for being

4   subjected to Gunn's intimidation tactics.  In addition, Plaintiff later learned that Gunn had shared

5   information about Plaintiff's evaluation with Tamara Fontana, a co-worker of Plaintiff's.

6          Cyndi Paul:

7          13.    On or about April 8, 2002 through May 9, 2002, Plaintiff's supervisor Cyndi

8   Paul was on a medical leave of absence.  During this time, Plaintiff very successful in performing

9   Paul's duties while Paul was away.  Plaintiff was praised and congratulated by co-workers for the

10  efficient and professional manner in which she handled the additional responsibilities.  Upon

11  Paul's return, Paul's demeanor and attitude toward Plaintiff took a drastic downturn.  Plaintiff

12  contends that Paul felt threatened and hostile toward Plaintiff due to Plaintiff's successful

13  execution of Paul's duties and due to the praise that Plaintiff was receiving.

14         14.    Plaintiff contends that her supervisor Cyndi Paul made endless efforts to humiliate

15  her, to berate her, and to make her look badly in front of others.  On August 20, 2003, Plaintiff

16  attended a company conference at Boca Raton, Florida, with Paul where they both attended a

17  dinner of mixed company.  Plaintiff contends various people at the dinner table started talking

18  about weight loss though she did not actively participate in this topic of conversation.  During

19  this topic of conversation, Plaintiff contends that Paul was talking about the challenges of losing

20  weight when she announced to the entire table, "Maybe we should just do like Brandy did and

21  get a breast reduction."  Plaintiff was shocked, humiliated, and at a loss for words.  Plaintiff did

22  not personally know the other men and women at the table and she did not want her personal

23  information about the medical procedure shared.  Furthermore, Plaintiff contends that Paul made

24  the comment with the intention of humiliating Plaintiff and making her uncomfortable.  At a

25  conference in Tennessee, Paul repeated her actions and mentioned Plaintiff's breast reduction in

26  front of strangers.  Upon her return, Plaintiff informed Tom Demy, Human Resources Manager

27  for the Western Region, about the hostility that was directed toward her at work.  Demy denied

28

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
1230 Roma Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

1    that there was any hostility.

2    15.    Mistreatment and Harassment from Paul toward Plaintiff escalated after January

3    6, 2004. Paul incessantly badgered Plaintiff about Plaintiff's weight and that Plaintiff needed to

4    gain weight. Paul harassed Plaintiff about time off taken for Dr.'s appointments and illness.

5    Plaintiff informed Paul that Plaintiff always worked a full eight hour day even if she had to come

6    in early or leave late on some days. Paul also told Plaintiff not take any more medical leave

7    because Paul couldn't "take it anymore." On April 27, 2004 Plaintiff hurt her knee while on the

8    job and was taken to the doctor by Paul. Upon her return to work from the doctor, approximately

9    forty minutes later, Paul screamed at her, "where have you been! What took you so long!"

10   Plaintiff was flabbergasted at Paul's reaction as Paul knew exactly where Plaintiff had been. On

11   another occasion, Paul told a co-worker of Plaintiff's that she believed Plaintiff suffered from a

12   serious health condition involving irregular heartbeat. When Plaintiff learned of this, she felt that

13   her rights had been violated again because did not allow her supervisor to divulge private

14   information about her medical conditions to co-workers. Plaintiff had always taken great care to

15   keep any medical conditions private.

16   16.    On January 6, 2004, Paul and Demy approached Plaintiff and told her that they

17   found out about comments her husband made to a very powerful person in the organization. The

18   comments were in regard to some of the hostile and retaliatory treatment Plaintiff had received at

19   work. Paul and Tom expressed disgust at the actions of Plaintiff's husband and regarded

20   Plaintiff as a whistle-blower and told her, "We can never trust you again".

21   17.    Plaintiff went out on medical leave for anxiety and stress on or about February 11,

22   2004. Plaintiff resumed work on March 1, 2004. On or about February 23, 2004, while Plaintiff

23   was on medical leave, Paul told Plaintiff that she would be moving and re-arranging her office

24   while she was away. After Plaintiff returned to work, she found a Dilbert cartoon left on her

25   desk by Paul which depicted: Catbert, Evil Director of Human Resources saying, "Your position

26   has been excessed, or as I prefer to say...I WILL TEAR THE FLESH FROM YOUR BONES!!!"

27   At approximately the same time, Plaintiff was informed through e-mail that she was replaced as

28

1   security coordinator and taken off the security team..

2       18.     On or about April 30, 2004 and May 7, 2004, Plaintiff sent e-mails to Kathleen

3   McKeough, Corporate V.P. of Human Resources, Bruce Turner, CEO, Barbara Burns, Corporate

4   Director of Human Resources, and Wanda Tanner, Western Region Human Resources Director,

5   about the problems at GTECH dealing with Scott Gunn, Tom Demy and Cyndi Paul.  This was

6   after Plaintiff came across a written notice of her termination on April 29, 2004.  Plaintiff

7   believes that her termination, and the fashion in which she was terminated, was a direct result of

8   those e-mails.  Plaintiff contends that GTECH had never taken the unprecedented steps of

9   deactivating badges or changing locks until an employee was informed of his or her termination.

10  On or about May 10, 2004, Plaintiff was informed by Tom Demy via telephone that her

11  termination date was moved forward because Plaintiff was upset.  Plaintiff contends that this date

12  change was taken to cover up the fact that her termination was as a direct result of her complaints

13  to upper management.

14      19.     On or about May 19, 2004, Plaintiff received a call from AIG, Insurance, about

15  Plaintiff's disability claim for March.  Plaintiff was informed by the AIG Representative that

16  Cyndi Paul told them the only reason Plaintiff turned in the claim was because she was fired, and

17  that Plaintiff had not reported the claim to Paul.  In fact, Plaintiff had previously spoken to Carol

18  Lebrecque, at Corporate Headquarters about the claim.

19      Promotion

20      20.     In September 2001, Plaintiff was approached about assuming the responsibilities

21  of Tonya Poley while that employee took a leave of absence for personal matters.  Plaintiff, at

22  that time, held the position of Administrative Assistant I.  Though Plaintiff held the

23  responsibilities of two positions, she was only paid for her position as Administrative Assistant

24  and warned not to work overtime.  Plaintiff was also informed by Tom Demy that she would be

25  compensated approximately $5,000 or more for her extra efforts.  Despite her responsibilities,

26  Plaintiff enjoyed her work and was willing and eager to cover for another employee in the

27  position of Human Resources Coordinator.  Plaintiff agreed to add a third position to her

28

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

COMPLAINT

responsibilities because she had an interest in advancing with the company and she believed that her hard work would be recognized and rewarded. Plaintiff remained in the position as Human Resources Coordinator when the employee who had taken leave did not return. Plaintiff did not receive compensation from Demy as promised. Plaintiff confronted him various times about the pay she had been promised and each time he refused to respond to her questions.

21.     In September 2003, Paul informed Plaintiff that she could get promoted to HR Representative only after she received a Certificate of Human Resource Studies. Plaintiff was also guaranteed that the GTECH would reimburse her for the courses. As usual, Plaintiff was eager to excel and to advance herself in her career. For this reason, Plaintiff enrolled in and completed five online courses toward a Certificate of Human Resource Studies from Cornell's School of Industry and Labor Relations. Plaintiff was enrolled in six additional courses when she was terminated, and she was never reimbursed for those courses.

22.     In addition, on or about April 15, 2003, Plaintiff was told by Tom Demy that her request for relocation to Austin, Texas was approved by Barbara Burns. Demy announced this during a conference call between Plaintiff, Cyndi Paul, Kathy Murfitt, and Rick Champagne. On or about July 9, 2004, Paul called Plaintiff into her office about an e-mail Paul received regarding Plaintiff's relocation. Paul informed Burns via e-mail that the move had been approved by Demy. On or about August 4, 2004, Plaintiff wrote Demy an e-mail about the upcoming relocation to which Demy responded that the move had not been approved by Burns.

Termination:

23.     On April 29, 2004, Plaintiff was at work going about her normal course of business when she came across a written document which indicated that she was going to be terminated. Plaintiff informed her supervisors about the document that she had seen. Plaintiff became very nervous and sick as a result of suddenly finding out she was being terminated. Tom Demy told Plaintiff to go ahead and take Friday off and start her one-week vacation a day early, since he felt bad about how she found out about the termination. Plaintiff was told that they would discuss the situation when she came back from vacation.

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

24.     While Plaintiff was out on vacation, a fellow employee informed Plaintiff that an unusual e-mail had been sent out to employees by Linda Neil on May 3, 2004. The e-mail strictly warned them not to allow any employees into the building without a badge. Further, the e-mail stated that any employee without a badge should not be allowed inside except under the approval of Scott Gunn. On or about April 30, 2004 Plaintiff's badges were deactivated. Plaintiff contends that since she had the keys, the locks to the buildings were also changed on May 4, 2004. On or about April 10, 2004 when Plaintiff returned to work from her vacation, she found that she could not gain access to the building. Mike Warren, an employee, told Plaintiff that she was no longer an employee. Plaintiff was not allowed to enter the building and clean out her office.

25.     That same day, Plaintiff spoke to Cyndi Paul to get some answers. Paul told Plaintiff that she felt bad about how the situation had been handled. Paul also told Plaintiff that Plaintiff should have received packages with her final check and other paperwork. Plaintiff did receive a severance package which she was told included four weeks more than what she should have been eligible for. However, Plaintiff still did not receive her final payroll check. Plaintiff spoke to Paul about the problem. When Plaintiff finally received her final check, GTECH put a stop-payment on the check. GTECH eventually paid her with an additional 60 days of penalties for various labor code violations.

26.     Plaintiff contends that Barbara Burns, Corporate Director of GTECH Human Resources Department held a meeting on or about May 7, 2004 informing staff in Rhode Island that if they spoke to Plaintiff, they would face immediate termination. On or about May 10, 2004, Tom Demy gave Sacramento employees the same warning. On or about June 2, 2004, Maggie Gonia, another GTECH employee, informed Plaintiff that she was not allowed to talk to Plaintiff about Plaintiff's tuition reimbursements, per Demy because it was a legal matter. On or about June 21, 2004, GTECH employees in Texas were also told not to speak to Plaintiff, per Demy and Stephen Kelley, Texas Consolidated Data Center Manager.

# FIRST CAUSE OF ACTION

**(Discrimination, Harassment, and Retaliation in Violation of California Government Code §§ 12920, 1240, et Seq.)**

27.    Plaintiff incorporates herein by reference Paragraphs 1 through 26 of her Complaint as though fully set forth herein.

28.    At all times mentioned in this Complaint, California Constitution Article I, Section 8 and Government Codes 12920 and 1940 et Seq. were in full force and effect and binding on Defendant. These sections require Defendant to refrain from harassing, discriminating and retaliating against any employee on the basis of gender, or medical condition. The statements and conduct on the part of the Defendants complained of herein (and specifically in Paragraphs 7-26) represent a violation of the Fair Employment and Housing Act and California Government Codes 12920 and 12940 et Seq. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter.

29.    As a proximate result of Defendant's conduct, as more fully alleged in paragraphs 7 - 26, above, Plaintiff has lost wages and benefits and other out of pocket losses and has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof at time of trial.

30.    As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Plaintiff has suffered medical and related expenses in an amount according to proof at time of trial.

31.    The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights and were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

# SECOND CAUSE OF ACTION

**[Wrongful Termination in Violation of Public Policy]**

32.    Plaintiff incorporates herein by reference Paragraphs 1 through 31 of her

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

1    Complaint as though fully set forth herein.

2         33.    At all times mentioned in this Complaint, California Constitution Article I, Section

3    8 and Government Codes 12920 and 1940 et Seq. were in full force and effect and binding on

4    Defendant. These sections require Defendant to refrain from harassing, discriminating and

5    retaliating against any employee on the basis of gender, or for exercising her right to medical

6    leave. Defendant violated California law and public policy and engaged in questionable business

7    practices and those acts on the part of Defendant led directly to Plaintiff's termination.

8         34.    In terminating Plaintiff as described above, Defendant violated public policy as

9    follows:

10        a)    Defendant violated the Fair Employment and Housing Act relating to

11   gender discrimination and harassment and California public policy.

12        b)    Defendant violated public policy by failing to comply with 29 USC

13   Chapter 28 and Government Code § 12945.1 et Seq. which make it unlawful for an

14   employer to discharge and/or discriminate against any employee because of the

15   individual's exercise of the right to medical leave provided by these statutes.

16        c)    Defendant violated the policy enunciated in §132a of the

17   California Labor Code which provides that there should not be discrimination against

18   workers who are injured in the course and scope of their employment.

19        d)    Defendant violated California Civil Code § 56.20 which makes it unlawful

20   for an employer to disclose or knowingly permit its employees or agents to use or disclose

21   medical information pertaining to its employees without an authorization signed by the

22   employee permitting such disclosure.

23        e)    Defendant employer violated the California Labor Code §216 and

24   California Public Policy by failing to comply with the employment agreement and with

25   said statute in failing and refusing to pay the wages due Plaintiff with the intent to annoy,

26   harass, oppress, delay, and defraud Plaintiff.

27        f)    Defendant employer violated public policy by failing to comply with

28

BEYER, PONGRATZ & RUSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

11
**COMPLAINT**

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3330 Ramco Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

1   Labor Code §201. This section provides that prompt payment of wages due an employee

2   is a fundamental public policy of the state. Where an employer discharges an employee,

3   the wages earned and unpaid at the time of discharge are due and payable immediately.

4        35.    As a result of the aforementioned acts of Defendants, Plaintiff has lost and

5   continues to lose income and benefits and has suffered other incidental and consequential

6   damages and expenses in an amount according to proof at time of trial. Plaintiff claims such an

7   amount as damages together with prejudgment interest pursuant to California Code of Civil

8   Procedure and/or other provisions of law providing for prejudgment interest.

9        36.    As a result of the aforementioned acts of Defendants, Plaintiff has become

10  mentally traumatized, distressed and aggravated. Plaintiff claims general damages for mental

11  distress in an amount according to proof at time of trial.

12       37.    As a further proximate result of Defendants' conduct and the consequences

13  proximately caused by it, Plaintiff has suffered medical and related expenses in an amount

14  according to proof at time of trial.

15       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

16

17                                **THIRD CAUSE OF ACTION**

18                                **[Breach of Express Contract]**

19       38.    Plaintiff incorporates herein by reference Paragraphs 1 through 37 of her

20  Complaint as though fully set forth herein.

21       39.    Defendant breached its express contract with Plaintiff by violating several

22  promises and representations made to Plaintiff which were bargained for by Plaintiff or on which

23  Plaintiff relied in accepting and continuing her employment and certain conditions thereof.

24       40.    First, Defendant entered into an employment agreement with Plaintiff that

25  consisted of, but was not limited to, rules relating to employee conduct and discipline which

26  included well-defined, graduated steps which, the rules provide, shall be utilized by supervisors

27  prior to their disciplining or terminating their employees.

28

41.    Second, on or about September 2001, Tom Demy indicated to Plaintiff that she would receive a bonus of approximately $5,000 if she would assume the responsibilities of Human Resources Coordinator while another employee was on maternity leave. Though Plaintiff already had the responsibilities of Administrative Assistant II and Security Coordinator, Plaintiff agreed to take on the additional responsibilities in reliance on Plaintiff's promise.

42.    Third, In September 2003, Cyndi Paul informed Plaintiff that she could get promoted to HR Representative only after she received a Certificate of Human Resource Studies. Plaintiff was also guaranteed that the GTECH would reimburse her for the courses. Based on this express assurance, Plaintiff enrolled in and completed six online courses toward a Certificate of Human Resource Studies from Cornell's School of Industry and Labor Relations. Plaintiff was further enrolled in six courses when at the time of her unexpected termination, none of these six courses were paid for.

43.    On or about April 10, 2004, Defendants breached the above stated agreements by terminating Plaintiff without payment of the amounts due to her, without warning, without counseling, without adequate reason and without an adequate investigation into the alleged basis for the termination.

44.    Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the contracts described above insofar as the defendant will allow. At all times Plaintiff has been a dedicated and loyal employee and was willing to perform all the conditions of the employment agreement.

45.    As a proximate result of Defendants' aforesaid acts, Plaintiff has lost, and will continue to lose, income, bonuses and benefits, and has suffered and continues to suffer consequential and incidental damages, plus expenses incurred, all in an amount to be proven at time of trial. Plaintiff claims such an amount as damages together with prejudgment interest pursuant to California Code of Civil Procedure and/or other provisions of law providing for prejudgment interest.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

# FOURTH CAUSE OF ACTION

## [Breach of Implied-In-Fact Promise Not To Terminate But For Good Cause]

46.    Plaintiff incorporates herein by reference Paragraphs 1 through 45 of her Complaint as though fully set forth herein.

47.    Defendants' policies, standards and practices included a promise on Plaintiff's employer's part not to terminate Plaintiff in the absence of good cause.

48.    Defendants did in fact terminate Plaintiff without good cause in violation of the above indicated agreement. (As more fully alleged in paragraphs 7 - 26, above.).

49.    Plaintiff has performed all conditions, covenants, and promises required of her on her part to be performed in accordance with Defendants' policies, standards and practices. On or about April 10, 2004, Defendants breached the contract by terminating Plaintiff without good cause.

50.    As a result of the aforementioned acts of Defendants, Plaintiff has lost and continues to lose income and benefits and has suffered other incidental consequential damages and expenses in an amount according to proof at time of trial. Plaintiff claims such an amount as damages together with prejudgment interest pursuant to California Code of Civil Procedure and/or other provisions of law providing for prejudgment interest.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

# FIFTH CAUSE OF ACTION

## [Breach of Implied Covenant of Good Faith and Fair Dealing]

51.    Plaintiff incorporates herein by reference Paragraphs 1 through 50 of her Complaint as though fully set forth herein.

52.    At all times herein mentioned Plaintiff was employed by Defendant GTECH, Inc., as an Administrative Assistant I and had additional duty as Security Coordinator. Plaintiff commenced her employment with Defendant starting in November 20, 2000, and was employed with Defendant until her termination on May 10, 2004.

14
COMPLAINT

53. The employment relationship between Plaintiff and Defendant was subject to a covenant of good faith and fair dealing which required, inter alia, the following:

a. That each party in the relationship act with good faith toward the other concerning all matters relating to the employment;

b. That each party in the relationship act with fairness towards the other concerning all matters relating to the employment;

c. That neither party take action to unfairly prevent the other from obtaining the benefits of the employment relationship;

d. That Defendant employers and its agents treat similarly situated employees in a similar manner;

e. That Defendant employers and its agents comply with its own representations, policies, standards and practices in dealing with Plaintiff;

f. That defendant employers not terminate Plaintiff without fair and honest cause, regulated by good faith on said Defendants' part;

g. That Defendant employers not terminate Plaintiff in an unfair manner; and

h. That Defendant employers give Plaintiff's interest as much consideration as it gave its own interest.

54. California law requires that an employer exercise good faith and deal fairly in its relationships with employees. Some of the terms of the employment agreement were:

a. In exchange for services, Plaintiff would receive a salary and other benefits from Defendant employers;

b. The parties agreed to treat each other in accordance with the constitution and the laws of the State of California; as well as in accordance with the policies, standards and practices defendants;

c. Plaintiff would have a job so long as she performed her duties in a satisfactory manner, and discharge, if any, would occur only for just cause, and only in accordance with the company's policies, standards and practices as well as the specific

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile (916) 369-9760

15
COMPLAINT

assurances made to Plaintiff;

d.      Defendant employers would give Plaintiff reasonable prior notice of any changes in company policies standards and practices which applied to Plaintiff and of any changes in terms, duties or conditions of her employment;

e.      Discipline or termination would take place only for just cause and would occur only after a series of progressive steps were undertaken;

55.     Defendants' termination of Plaintiff's employment was in bad faith, arbitrary, unfair and wrongful which means Defendants breached the covenant of good faith and fair dealing since:

a.      Defendant terminated Plaintiff's employment notwithstanding the fact that she had not violated the rules, procedures and expectations communicated to her by Defendants.

b.      Defendant employer's conduct violated its promises to Plaintiff as well as its own rules, regulations and practices in that the termination of Plaintiff was a retaliatory and unlawful response to Plaintiff's continued and persistent request for the earnings that Defendant had promised her.

c.      Defendant employer's conduct violated its promises to Plaintiff as well as its own rules, regulations and practices in that the termination was without good cause and was without an adequate investigation.

d.      Defendant employer violated its own express policies and procedures and its contract with Plaintiff and those violations led directly to Plaintiff's termination. The violations by Defendant employer included the violation of express representations relating to compensation to be received by Plaintiff during the period of time he was employed at GTECH.

56.     As a proximate result of the aforementioned acts of Defendant, Plaintiff has lost and continues to lose income and benefits and has suffered other incidental and consequential damages and expenses in an amount according to proof at time of trial. Plaintiff claims such an

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

1    amount as damages together with prejudgment interest pursuant to California Code of Civil

2    Procedure and/or other provisions of law providing for prejudgment interest.

3    WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

4    ## SIXTH CAUSE OF ACTION

5    ### [Fraud and Deceit: False Promise ]

6    57.    Plaintiff incorporates herein by reference Paragraphs 1 through 56 of her

7    Complaint as fully set forth herein.

8    58.    Defendants harmed Plaintiff by making false promises to Plaintiff with regard to

9    certain benefits and conditions of employment and promotion.

10   59.    In September 2001, Plaintiff was offered a significant bonus in exchange for

11   accepting a substantial increase in responsibility. Specifically, Plaintiff was offered a bonus of

12   $5,000.00 or more to accept the responsibilities of an employee who was going on maternity

13   leave. This promise was a significant factor in Plaintiff's acceptance of the additional

14   responsibilities.

15   60.    Defendant had no intention of performing the promise when the promise was

16   made. Plaintiff approached Tom Derny on various occasions to ask for the promised amount.

17   Derny refused to acknowledge Plaintiff's requests and flat-out ignored Plaintiff's inquiries.

18   Plaintiff was terminated and was never paid the promised amount.

19   61.    Defendant made the representation that Plaintiff would receive a bonus

20   with the intention of inducing Defendant to accept the job and perform the extensive duties of the

21   position while the other employee remained on leave.

22   62.    Plaintiff did, in fact, reasonably rely on Defendants' promise that she would

23   receive a $5,000.00+ bonus as a condition of her acceptance of additional duties.

24   63.    Despite Plaintiff's repeated inquiries with regard to the failure of Defendants to

25   pay the bonus, Defendants did not perform the promised act of paying Plaintiff the bonus.

26   64.    As a proximate result of the aforementioned acts of Defendants, Plaintiff has lost

27   and continues to lose income and benefits and has suffered other incidental and consequential

28

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile (916) 369-9760

17
COMPLAINT

1  damages and expenses in an amount according to proof at time of trial. Plaintiff claims such an

2  amount as damages together with prejudgment interest pursuant to California Code of Civil

3  Procedure and/or other provisions of law providing for prejudgment interest.

4      65.    As a further proximate result of the aforementioned acts of Defendants, Plaintiff

5  has become mentally traumatized, distressed and aggravated. Plaintiff claims general damages for

6  mental distress in an amount according to proof at time of trial.

7      66.    As a further proximate result of Defendants' conduct and the consequences

8  proximately caused by it, Plaintiff has suffered medical and related expenses in an amount

9  according to proof at time of trial.

10     67.    The above described actions were done with malice, fraud, oppression and in

11 reckless disregard of Plaintiff's rights and were despicable in character and warrant the imposition

12 of punitive damages in a sum sufficient to punish and deter Defendants.

13     WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

14

15                     **SEVENTH CAUSE OF ACTION**

16                     [Intentional Misrepresentation of Facts]

17     68.    Plaintiff incorporates herein by reference Paragraphs 1 through 67 of her

18 Complaint as though fully set forth herein.

19     69.    In September 2003, Plaintiff was promised a promotion to HR Representative if

20 she received a Certificate of Human Resource Studies. Plaintiff was also specifically guaranteed

21 that her courses would be reimbursed by Defendant. Based on these express assurances, Plaintiff

22 enrolled in and completed six online courses toward a Certificate of Human Resource Studies

23 from Cornell's School of Industry and Labor Relations. Plaintiff also enrolled in and paid for six

24 courses which she did not get the opportunity to complete before she was terminated. Plaintiff

25 was neither promoted nor reimbursed for the cost of the last six courses she was enrolled in.

26     70.    Plaintiff contends that Defendants made these representations to her recklessly and

27 without regard for their truth for the purpose of temporarily appeasing and/or delaying Plaintiff

28

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile (916) 369-9760

from receiving a well deserved and past due promotion. Further, Plaintiff contends that these

representations were made recklessly because Defendants failed to inform Plaintiff of her

termination until the last minute, and after Plaintiff had signed up for and paid for additional

courses. In fact, Defendants did not perform as promised but instead terminated Plaintiff and

failed to reimburse her for the courses.

71.    Plaintiff, at the time these representations were made by Defendants and at the

time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants'

representations and believed them to be true. In reliance on these representations, Plaintiff was

induced to and did enroll herself in study courses specifically for the purpose of receiving a

promotion with GTECH. Plaintiff's reliance on Defendants' representations was justified because

Plaintiff had no reason to believe Defendants did not represent the truth of various facts stated.

72.    As a proximate result of the fraudulent conduct of Defendants as herein alleged,

Plaintiff was induced to rely on the representations of Defendants as they pertained to her

enrollment in courses and promotion.

73.    As a further proximate result of both of the aforementioned acts of Defendants,

Plaintiff has lost and continues to lose income and benefits and has suffered other incidental and

consequential damages and expenses in an amount according to proof at time of trial. Plaintiff

claims such an amount as damages together with prejudgment interest pursuant to California Code

of Civil Procedure and/or other provisions of law providing for prejudgment interest.

74.    As a proximate result of the aforementioned acts of Defendants, Plaintiff has

become mentally traumatized, distressed and aggravated. Plaintiff claims general damages for

mental distress in an amount according to proof at time of trial.

75.    As a further proximate result of Defendants' conduct and the consequences

proximately caused by it, Plaintiff has suffered medical and related expenses in an amount

according to proof at time of trial.

76.    The above described actions were done with malice, fraud, oppression and in

reckless disregard of Plaintiff's rights and were despicable in character and warrant the imposition

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3330 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

1  of punitive damages in a sum sufficient to punish and deter Defendants.

2      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

3  ## EIGHTH CAUSE OF ACTION

4  ### [Intentional Infliction of Emotional Distress]

5      77.    Plaintiff incorporates herein by reference Paragraphs 1 through 76 of her

6  Complaint as though fully set forth herein.

7      78.    Defendants knew or should have known that their insensitive and unlawful

8  retaliation against Plaintiff was completely unwarranted, humiliating, demeaning, threatening and

9  would cause Plaintiff to suffer severe emotional distress.

10      79.    Defendants deliberately and intentionally engaged in the aforementioned acts of

11  retaliation in order to cause Plaintiff severe emotional distress; alternatively, Plaintiff alleges that

12  the Defendants' conduct was done with a reckless disregard that said conduct would cause her

13  severe emotional distress.

14      80.    The foregoing conduct did, in fact, proximately cause Plaintiff to suffer severe

15  emotional distress.  As a proximate result of said conduct, Plaintiff suffered embarrassment,

16  anxiety, humiliation, emotional distress, and will continue to suffer said emotional distress in an

17  amount in excess of a minimum jurisdiction of this court, the precise amount of which will be

18  proven at time of trial.

19      81.    As a proximate result of the aforementioned acts of Defendants, Plaintiff has

20  become mentally traumatized, distressed and aggravated.  Plaintiff claims general damages for

21  mental distress in an amount according to proof at time of trial.

22      82.    As a further proximate result of the Defendants' conduct and the consequences

23  proximately caused by it, Plaintiff has suffered medical and related expenses in an amount

24  according to proof at time of trial.

25      83.    The above described actions were done with malice, fraud, oppression and in

26  reckless disregard of Plaintiff's rights and were despicable in character and warrant the imposition

27  of punitive damages against Defendants in a sum sufficient to punish and deter Defendant.

28

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

WHEREFORE, Plaintiff prays for judgment as follows:

1.   For general and special damages according to proof at time of trial;

2.   For incidental and consequential damages according to proof at time of trial;

3.   For punitive damages in an amount sufficient to punish and deter Defendants;

4.   For prejudgment interest at the highest possible rate from the earliest possible date;

5.   For costs of suit and reasonable attorney's fees herein incurred; and

6.   For such other and further relief as the Court may deem just and proper.

BEYER, PONGRATZ & ROSEN

Dated: 12/13/04

By: _____
ETAN E. ROSEN
Attorney for Plaintiff

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile (916) 369-9760

21
COMPLAINT

01/14/2005  12:02
01/14/05  13:59 FAX                    GTECH LEGAL DEPT.                          ☑026

01/04/2005  16:00   9160699760         Case 2:05-cv-00630-MCE-GGH   Document 1-2   BEYER PONGRATZ & ROSEN   Filed 03/28/05   Page 22 of 36   PAGE  26

CM-010

| | FOR COURT USE ONLY |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):<br>Etan E. Rosen (Bar # 173728)<br>BEYER, PONGRATZ & ROSEN, 3230 Ramos Circle<br>Sacramento, CA 95827<br>TELEPHONE NO. (916) 369-9750   FAX NO. (916) 369-9760<br>ATTORNEY FOR (Name): Plaintiff Brandy Hastings | ENDORSED<br>04 DEC 15 AM 11:34<br>LEGAL PROCESS #1 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME:

CASE NAME:
Hastings v. GTECH Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | **04AS05024**<br>JUDGE:<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental /Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   - f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   - a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify): EIGHT (8)

5. This case [ ] is  [X] is not  a class action suit.

Date: December 13, 2004

ETAN E. ROSEN, ESQ.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Hastingo v. GTECH
C04AS05924

### Superior Court of California
### County of Sacramento

#### Program Case Notice

The Accelerated Civil Trial Case Management Program, (A.C.T.) requires the following timelines to be met in all cases except those that are excluded by California Rules of Court section 207(b):

| | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint.<br><br>When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint.<br><br>A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Certificate of Service/Progress** | Within **75 days** of the filing of the complaint, plaintiff must file a certificate of service or a certificate of progress on a form provided by the court. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default.<br><br>Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.<br><br>No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When a default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will serve a notice of case management conference on all parties approximately **120 days** after the complaint is filed. A case management conference statement shall be filed at least 15 calendar days prior to the date set for the case management conference. |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 212(f) at least 30 calendar days before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules 11.00 (C.M.P.) to 11.19 (C.M.P.) for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GTECH Corporation, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Brandy Hastings

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

JAN - 7 2005

11:40 UT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro, en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sacramento,<br>720 Ninth Street<br>same, Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):*  **04AS05924** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Etan E. Rosen (Bar # 173728)   BEYER, PONGRATZ & ROSEN
3230 Ramos Circle
Sacramento, CA 95827

Phone No. (916) 369-9750
Fax No. (916) 369-9760

DATE:   DEC  1 5 2004
*(Fecha)*

Clerk, by _R Patel_ , Deputy
*(Secretario)*         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* GTECH Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/7/05

[SEAL]

*Page 1 of 1*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [New January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*LexisNexis® Automated California Judicial Council Forms* |

# EXHIBIT B



**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, & Jar number, and address):<br>Etan E. Rosen     (Bar # 173728)<br>BEYER, PONGRATZ & ROSEN<br>3230 Ramos Circle, Sacramento, CA 95827<br>TELEPHONE NO.: (916) 369-9750    FAX NO. (Optional): (916) 369-9760<br>E-MAIL ADDRESS (Optional): crosen@bprlaw.net<br>ATTORNEY FOR (Name): Plaintiff Brandy Hastings | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Brandy Hastings | CASE NUMBER: |
| DEFENDANT/RESPONDENT: GTECH Corporation | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☐  summons
    b. ☐  complaint
    c. ☐  Alternative Dispute Resolution (ADR) package
    d. ☐  Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐  cross-complaint
    f. ☐  other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):*

    b. Person served: ☐ party in item 3a  ☐ other *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:

5.  I served the party *(check proper box)*
    a. ☐  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*        (2) at *(time):*
    b. ☐  **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

        (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

        (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Code of Civil Procedure, § 417.10

| | | | |
|---|---|---|---|
| PLAINTIFF/PETITIONER: Brandy Hastings, et al. | | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: GTECH Corporation, et al. | | | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

   (1) on *(date)*:             (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment* of Receipt and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify)*:
    under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)       ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☒ I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date:

▶

_____          _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE)

1 | **PORTER, SCOTT, WEIBERG & DELEHANT**
A Professional Corporation

2 | Michael W. Pott, SBN 186156
Justin N. Telford SBN 232335

3 | 350 University Avenue, Suite 200
Sacramento, California 95825

4 | (916) 929-1481
(916) 927-3706 (facsimile)

5

6 | Attorneys for Defendants: GTECH CORPORATION

7

8 | **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

9

| | |
|---|---|
| 10   BRANDY HASTINGS, | CASE NO. 04AS05024 |
| 11           Plaintiff, | **ANSWER TO COMPLAINT** |
| 12   vs. | |
| 13   GTECH, CORPORATION, and DOES 1 through 50, inclusive, | Complaint Filed 12/15/04 |
| 14           Defendants. | |

15 _____/

16 | Comes now, Defendant GTECH, CORPORATION and answers Plaintiff's Complaint

17 | as follows:

18 | **GENERAL DENIAL**

19 | Defendant denies generally and specifically each and every allegation of said

20 | Complaint and  each and every alleged cause of action therein and further denies that

21 | Plaintiff was or will be damaged in any sum or sums whatsoever.

22 | **AFFIRMATIVE DEFENSES**

23 | **FIRST AFFIRMATIVE DEFENSE:**

24 | As and for a first affirmative defense, Defendant alleges that the Complaint, and each

25 | purported cause of action therein, fails to state a cause of action against this answering

26 | Defendant.

27 | **SECOND AFFIRMATIVE DEFENSE:**

28 | As for a second affirmative defense, Defendant alleges that any recovery on

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1

Answer (00316608.WPD;1)          **ANSWER TO COMPLAINT**

**EXHIBIT C**

1  Plaintiff's claim is barred on the grounds that plaintiff failed to exhaust administrative

2  remedies and failed to properly perfect a right of action.

3  **THIRD AFFIRMATIVE DEFENSE:**

4  As and for a third affirmative defense, Defendant alleges that at all times herein,

5  Defendant acted in good faith, and that it took the actions that it did for legitimate, non-

6  discriminatory and non-retaliatory reasons.

7  **FOURTH AFFIRMATIVE DEFENSE:**

8  As and for a fourth affirmative defense, Defendant alleges Plaintiff, at all times

9  mentioned in the Complaint, was herself at fault.

10  **FIFTH AFFIRMATIVE DEFENSE:**

11  As and for a fourth affirmative defense, Defendant alleges Plaintiff, with the exercise

12  of reasonable diligence and effort, would have and could have mitigated the damages alleged

13  in the Complaint, if there were any, and the resultant damages, if any, complained of in the

14  Complaint were directly and proximately caused by the failure, neglect, and refusal of

15  plaintiff to exercise reasonable diligence and effort to mitigate the damages alleged.

16  **SIXTH AFFIRMATIVE DEFENSE:**

17  As and for a sixth affirmative defense, Defendant alleges Plaintiff is guilty of unclean

18  hands, barring her from relief against this answering Defendant.

19  **SEVENTH AFFIRMATIVE DEFENSE:**

20  As and for a seventh affirmative defense, Defendant alleges Plaintiff was, at all times

21  mentioned in the Complaint, herself guilty of breach of contract.

22  **EIGHTH AFFIRMATIVE DEFENSE:**

23  As and for an eighth affirmative defense, Defendant denies the allegations contained

24  in Plaintiff's Complaint, but if such conduct is found to have occurred, Defendant alleges

25  that the conduct was consented to by Plaintiff.

26  **NINTH AFFIRMATIVE DEFENSE:**

27  As and for a ninth affirmative defense, Defendant alleges that to the extent Plaintiff

28  seeks damages under California law for emotional and physical distress, Plaintiff's exclusive

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE, SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

2

1   remedy is provided by the Workers' Compensation Act, California Labor Code § 3600, *et*

2   *seq.* Alternatively, defendant alleges that it may be entitled to a set-off for any amounts paid

3   to plaintiff pursuant to the California Workers' Compensation Act.

4   **TENTH AFFIRMATIVE DEFENSE:**

5   As and for a tenth affirmative defense, Defendant alleges that liability may not be

6   imposed upon it for the acts complained of because it took reasonable steps to prevent and

7   correct work place sexual harassment; Plaintiff unreasonably failed to use the preventive and

8   corrective measures that defendant provided; and reasonable use of Defendant's procedures

9   would have prevented at least some of the harm that Plaintiff claims to have suffered.

10  **ELEVENTH AFFIRMATIVE DEFENSE:**

11  As and for an eleventh affirmative defense, Defendant alleges that Plaintiff has failed

12  to state facts sufficient to support an award of punitive and exemplary damages against

13  Defendant.

14  **TWELFTH AFFIRMATIVE DEFENSE:**

15  As and for a twelfth affirmative defense, Defendant alleges that Plaintiff's claims are

16  barred in whole or in part by the applicable statutes of limitation.

17  **THIRTEENTH AFFIRMATIVE DEFENSE:**

18  As and for a thirteenth affirmative defense, Defendant alleges that it cannot be held

19  liable for punitive damages because, at the time of the alleged acts or omissions giving rise

20  to Plaintiff's claim for punitive damages, defendant had implemented in good faith one or

21  more policies prohibiting the alleged acts or omissions and/or had otherwise made good faith

22  efforts to comply with applicable law.

23  **FOURTEENTH AFFIRMATIVE DEFENSE:**

24  As and for a fourteenth affirmative defense, Defendant alleges that liability may not

25  be imposed on it for the acts complained of because those acts, if any, were not committed

26  within the course and scope of employment of any employee of Defendant, and/or because

27  Defendant did not know, and should not have known, of the alleged harassment.

28  / / /

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

Answer (00316608.WPD;1)                    **ANSWER TO COMPLAINT**

1        **WHEREFORE**, Defendant prays for relief as follows:

2        1.   That the Complaint be dismissed with prejudice and that plaintiff take nothing

3    thereby;

4        2.   For Defendant's cost of suit herein, including reasonable attorneys fees; and

5        3.   For such other and further relief as the Court deems just.

6    Dated: February 3, 2005                    Respectfully Submitted,

7                                               PORTER, SCOTT, WEIBERG & DELEHANT
                                                A Professional Corporation
8

9
                                               By _____
10                                                  Michael W. Pott

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

4

Answer (00316608.WPD;1)                    **ANSWER TO COMPLAINT**

CASE NAME:   Hastings v. GTECH Corporation, et al.
CASE NO.:       Sacramento Superior Court Case No. 04AS05024

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Sacramento County, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is P.O. Box 255428, 350 University Avenue, Suite 200, Sacramento, California 95865.

On February 3, 2005, I served the following:

### ANSWER TO COMPLAINT

| | |
|---|---|
| XX | BY MAIL. I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business.<br>❏ Certified Mail/Return Receipt Requested, Article # |
| | BY PERSONAL SERVICE. I caused such document(s) to be delivered by hand to the office of the person(s) listed above. |
| | BY OVERNIGHT DELIVERY. I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below. |
| | BY FACSIMILE. I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine. |

Etan E. Rosen
BEYER, PONGRATZ & ROSEN
3230 Ramos Circle
Sacramento, CA 95827

Fax #: (916) 369-9760

| | |
|---|---|
| X | State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| X | Executed on February 3, 2005, at Sacramento, California. |

_____
Penny Adams

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1

**PORTER, SCOTT, WEIBERG & DELEHANT**
A Professional Corporation
2   Michael W. Pott, SBN 186156
Justin N. Telford SBN 232335
3   350 University Avenue, Suite 200
Sacramento, California 95825
4   (916) 929-1481
(916) 927-3706 (facsimile)
5

6   Attorneys for Defendants: GTECH CORPORATION

7

8       **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

9

10  BRANDY HASTINGS,    *3·23·05 CALENDARED  Do they respond?*    CASE NO. 04AS05024

11                                              **REQUEST FOR STATEMENT OF**
            Plaintiff,                          **DAMAGES**
12
v.
13

14  GTECH, CORPORATION, and DOES 1        Complaint Filed 12/15/04
through 50, inclusive,
15

16          Defendants.

17  _____/

18  **TO PLAINTIFF BRANDY HASTINGS AND HER ATTORNEY OF RECORD:**

19          Pursuant to California Code of Civil Procedure section 425.11, Defendant requests

20  that Plaintiff provide Defendant with a statement setting forth the nature and the amount of

21  damages, both general and special, being sought by Plaintiff herein within fifteen (15) days

22  after the service hereof.

23  Dated: March 3, 2005                 Respectfully Submitted,

24                                      PORTER, SCOTT, WEIBERG & DELEHANT
                                        A Professional Corporation
25

26
                                        By_____
27                                          Michael W. Pott
                                            Justin N. Telford
28

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

                                    1
00318680.WPD        **REQUEST FOR STATEMENT OF DAMAGES**

**EXHIBIT E**

CASE NAME:   *Hastings v. GTECH Corporation, et al.*
CASE NO.:    Sacramento Superior Court Case No. 04AS05024

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Sacramento County, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is P.O. Box 255428, 350 University Avenue, Suite 200, Sacramento, California 95865.

On **March 3, 2005**, I served the following:

## REQUEST FOR STATEMENT OF DAMAGES

| XX | **BY MAIL.** I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business. ❏ **Certified Mail/Return Receipt Requested, Article #** |
|---|---|
| | **BY PERSONAL SERVICE.** I caused such document(s) to be delivered by hand to the office of the person(s) listed above. |
| | **BY OVERNIGHT DELIVERY.** I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below. |
| | **BY FACSIMILE.** I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine. |

Etan E. Rosen
**BEYER, PONGRATZ & ROSEN**
3230 Ramos Circle
Sacramento, CA 95827

Fax #: (916) 369-9760

| X | **State:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
|---|---|
| X | Executed on **March 3, 2005**, at Sacramento, California, |

Tanya Gabbert

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**ETAN E. ROSEN, Esq.  (SBN 173728)**
BEYER, PONGRATZ & ROSEN
*A Professional Law Corporation*
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750-telephone
(916) 369-9760-facsimile

RECEIVED

MAR 1 8 2005

PORTER SCOTT,
WEIBERG & DELEHANT

Attorney for Plaintiff
BRANDY HASTINGS

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

BRANDY HASTINGS,                      )   Case No:   04AS05024
                                      )
        Plaintiff,                    )   **STATEMENT OF DAMAGES**
                                      )
v.                                    )
                                      )
GTECH, CORPORATION, and DOES 1        )
through 50, inclusive,                )
                                      )
        Defendants.                   )
                                      )
                                      )
                                      )
                                      )

The nature and amount of damages sought by BRANDY HASTINGS in the above-entitled

action are as follows:

| | | |
|---|---|---|
| 1. | Lost Income | $  37,000.00 |
| 2. | Lost Future Income | $ 111,000.00 |
| 3. | General and Special Damages | $ 500,000.00 |
| 4. | Attorney Fees | $ 100,000.00 |
| 5. | Punitive Damages | $1,000,000.00 |

$1,748,000.00

Dated:  03/17/05                      By: _____
                                          ETAN E. ROSEN
                                          Attorney for Plaintiff

1
**STATEMENT OF DAMAGES**

EXHIBIT F

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

*Hastings v.*

## PROOF OF SERVICE

I am a citizen of the United States, employed in the City of Sacramento, County of Sacramento. My business address is 3230 Ramos Circle, Sacramento, California 95827. I am over the age of 18 years and not a party to the above-entitled action.

I am familiar with the Business practice of the LAW OFFICES OF BEYER, PONGRATZ & ROSEN whereby facsimiles are sent over the appropriate means proscribed by law. I am familiar with the business practices of the LAW OFFICES OF BEYER, PONGRATZ & ROSEN in which the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a U.S. mailbox after the close of each day's business.

On the date set forth below, I served the following:

## PLAINTIFF'S STATEMENT OF DAMAGES

(XX)   on the parties in this action by causing a true copy thereof to be placed in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing mail and;

( )   on the parties in this action by causing a true copy thereof to be telecopied by a facsimile to the attorney(s) of record in the above-entitled action

( )   on the parties in this action by causing a true copy thereof to be delivered by hand on the offices of the addressee(s)

Addressed as follows:

**Michael W. Pott
Justin N. Telford
PORTER SCOTT WEIBERG & DELEHANT
350 University Avenue, Suite 200
Sacramento, CA 95825
Fax: 916-927-3706
Tel: 916-929-1481**

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on March 17, 2005, at Sacramento, California.

JANE K. BROWN

1

**PROOF OF SERVICE**

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, California 95827
Telephone: (916) 369-9750
Facsimile: (916) 369-9760

| | | |
|---|---|---|
| 1 | CASE NAME: | *Hastings v. GTECH Corporation, et al.* |
| 2 | CASE NO.: | Sacramento Superior Court Case No. 04AS05024 |
| | | USDC EDCA Case No. _____ |

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Sacramento County, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is P.O. Box 255428, 350 University Avenue, Suite 200, Sacramento, California 95865.

On **March 28, 2005**, I served the following:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

| | |
|---|---|
| XX | **BY MAIL.** I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business. ❏ **Certified Mail/Return Receipt Requested, Article #** |
| | **BY PERSONAL SERVICE.** I caused such document(s) to be delivered by hand to the office of the person(s) listed above. |
| | **BY OVERNIGHT DELIVERY.** I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below. |
| | **BY FACSIMILE.** I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine. |

Etan E. Rosen
**BEYER, PONGRATZ & ROSEN**
3230 Ramos Circle
Sacramento, CA 95827

Fax #: (916) 369-9760

| | |
|---|---|
| X | **State:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| X | Executed on **March 28, 2005**, at Sacramento, California. |

Penny Adams

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com