**PORTER, SCOTT, WEIBERG & DELEHANT**
A Professional Corporation
Michael W. Pott, SBN 186156
Justin N. Telford SBN 232335
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

Attorneys for Defendants: GTECH CORPORATION

Etan E. Rosen
**BEYER, PONGRATZ & ROSEN**
3230 Ramos Circle
Sacramento, CA 95827

Attorneys for Plaintiff: BRANDY HASTINGS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY HASTINGS, | CASE NO. 05 CV 00630 MCE GGH |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| GTECH, CORPORATION, and DOES 1 through 50, inclusive, | Complaint Filed 12/15/04 |
| Defendants. | |

**A.  NATURE OF THE CASE**

Plaintiff BRANDY HASTINGS worked for Defendant G-TECH CORPORATION, beginning in November 2000 as an administrative assistant. Plaintiff contends that Defendant created a hostile work environment. Plaintiff is alleging (1) discrimination, harassment, and retaliation in violation of California Government Code sections 12920, 12940 *et seq.*; (2) wrongful termination in violation of public policy; (3) breach of express

1 contract; (4) breach of implied-in-fact promise not to terminate but for good cause; (5) breach
2 of implied covenant of good faith and fair dealing; (6) fraud and deceit: false promise; (7)
3 intentional misrepresentation and (8) intentional infliction of emotional distress. Defendant
4 denies each of Plaintiff's allegations.

**B.      PROGRESS AND THE SERVICE OF PROCESS**

Plaintiff served G-TECH CORPORATION with her Complaint on January 7, 2005. The Complaint was filed in the Superior Court of the State of California in and for the County Sacramento. Defendant served Plaintiff with a Notice of Removal on March 28, 2005. All Defendants have been served and answered.

**C.      POSSIBLE JOINDER OF ADDITIONAL PARTIES**

The parties do not anticipate that additional parties will be joined in this litigation.

**D.      CONTEMPLATED AMENDMENTS TO THE PLEADINGS**

The parties do not currently anticipate that the pleadings will be amended.

**E.      THE STATUTORY BASIS FOR JURISDICTION AND VENUE**

This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. section 1332. This case was removed to this Court by Defendant pursuant to the provision of 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusively interest of costs because Plaintiff claims damages in the amount of one million, seven hundred forty-eight thousand dollars ($1,748,000.00).

**F.      ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY**

The parties have agreed to a modification of normal discovery to facilitate settlement discussions as follows:

   **1.      Changes to Timing Form of Requirement for Disclosures and When Rule 26 Disclosures Will be Made**

The parties conducted their Rule 26 conference on Friday, May 20, 2005, and have agreed that their Rule 26 Disclosures will be made on or before June 17, 2005.

///

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**2. Subject On Which Discovery May Be Needed**

At this juncture, the parties contemplate that discovery will need to be taken on the following subjects (the following list will likely expand as a result of the parties' disclosure and developments that occur during the discovery process): the communications Plaintiff had with co-workers prior to her separation from the company; communications between Plaintiff and Mr. Gunn, Mr. Sevilla, and Ms. Paul prior to her separation from the company; the circumstances surrounding Plaintiff's separation from the company; the reasons for Plaintiff's separation from the company; all of Plaintiff's claims and the extent of Plaintiff's damages.

The parties anticipate discovery will be completed June 15, 2006. The parties do not anticipate needing to conduct discovery in phases. Following initial discovery, the parties have agreed to participate in an early neutral evaluation or mediation pursuant to the Eastern District's Volunteer Dispute Resolution Program.

**3. Changes, If Any, to Limitations on Discovery**

Counsel for the parties have met and conferred on a proposed discovery plan and have agreed to the following:

1. Discovery regarding Defendant's financial position, in connection with Plaintiff's punitive damage prayer will be permitted only by order of the Court, upon a showing of substantial probability that Plaintiff will prevail on her punitive damage claim pursuant to Civil Code section 3295(c).

2. The parties propose that they abide by the limits on written discovery imposed by the Federal Rules of Civil Procedure.

3. The parties do not believe that there is any need to modify the rules regarding the deposition limits.

4. The parties do not believe that there is any need to modify the rules regarding third party subpoenas.

/ / /

/ / /

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**4. Time of Disclosure of Expert Witnesses**

Defendant proposes that disclosure of Defendant's experts take place before April 14, 2006 and disclosure of Plaintiff's experts take place by April 28, 2006..

**5. Discovery Cut-Off Dates**

The parties propose that discovery shall end June 15, 2006.

**G. CONTEMPLATED DISPOSITIVE MOTIONS AND PROPOSED DATES BY WHICH ALL NON-DISCOVERY MOTIONS SHALL BE FILED**

Defendant anticipates filing a motion for summary judgment. The parties propose that all dispositive motions shall be filed by August 18, 2006.

**H. PROPOSED DATE FOR FINAL PRE-TRIAL CONFERENCE**

The parties propose that the final pre-trial conference be held on October 20, 2006.

**I. PROPOSED DATE FOR TRIAL, ESTIMATE OF DAYS OF TRIAL AND WHETHER JURY TRIAL DEMANDED**

The parties propose a trial date of December 6, 2006. Both parties have demanded a jury trial and trial is estimated to take approximately seven (7) days, including jury selection.

**J. APPROPRIATENESS OF SPECIAL PROCEDURES**

The parties do not anticipate any special procedures.

**K. PROPOSED MODIFICATION OF STANDARD PRE-TRIAL PROCEDURES**

The parties do not propose any modification to standard pre-trial procedures, other than those outlined above.

**L. RELATED CASES**

The parties are not aware of any related cases.

**M. PROSPECTS FOR SETTLEMENT**

The parties have agreed that the following an initial period of informal discovery as described in paragraph F, above, they will participate in the Eastern District Voluntary Dispute Resolution Program.

///

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**N.     OTHER MATTERS**

The parties are not aware of any other matters that may add to the just and expeditious disposition of this matter.

Dated: May 20, 2005                Respectfully Submitted,

                                   PORTER, SCOTT, WEIBERG & DELEHANT
                                   A Professional Corporation


                                          /s/
                                   By _____
                                       Michael W. Pott
                                       Justin N. Telford


Dated: May 20, 2005                BEYER, PONGRATZ & ROSEN


                                          /s/
                                   By _____
                                       Etan E. Rosen

LAW OFFICES OF
**PORTER, SCOTT, WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com